NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 27, 2007
Decided February 29, 2008

**Before**

DANIEL A. MANION, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 07-1857 | Appeal from the United States District Court for the |
| UNITED STATES OF AMERICA, | Northern District of Indiana, Hammond Division. |
| *Plaintiff-Appellee*, | |
| *v.* | No. 06 CR 8 |
| TONYA LEE, | **Rudy Lozano**, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Tonya Lee appeals her conviction for attempted bank robbery. She argues the district court impermissibly broadened the indictment when it submitted the reduced charge of attempted bank robbery, 18 U.S.C. § 2113(a), to the jury, when the superceding indictment alleged she committed attempted bank robbery in violation of § 2113(a) and (d). The latter subsection, § 2113(d), specifies an increased penalty for committing the base offense of bank robbery by the use of a dangerous weapon.

We affirm. Attempted bank robbery is a lesser and included offense of attempted bank robbery by use of a dangerous weapon. Rule 31(c)(1) of the *Federal Rules of Criminal Procedure* permits a verdict on "an offense necessarily included in the offense charged." The district court did not err in submitting the attempted bank robbery offense to the jury minus the dangerous-weapon allegation.

## I. Background

Lee was charged with several others in a five-count indictment stemming from two attempts to rob the People's Bank in Munster, Indiana, and a robbery of the Citizen's Financial Services Bank in Schererville, Indiana. More specifically, count 1 of the superceding indictment charged Lee with conspiracy to rob the People's Bank in violation of 18 U.S.C. § 371 and 18 U.S.C. § 2113(a) and (d); count 2 charged her with attempted bank robbery of the People's Bank in violation of § 2113(a) and (d); and count 3 charged her with bank robbery of the Citizen's Financial Services Bank in violation of 18 U.S.C. § 2113(a) and (d). Counts 4 and 5 pertained to other defendants. Lee was acquitted on count 3 and does not challenge her conviction on count 1; we therefore confine the balance of our discussion to count 2.

Lee's niece, Sharon Williams, worked at the People's Bank in Munster. She provided Lee with information regarding the procedures used by bank employees to open the bank in the morning. Specifically, although the manager would arrive at an unknown time early in the morning, a teller would usually arrive at 7:30 a.m. and enter a vestibule area through the unlocked outside doors. The manager would then unlock the inner door to permit the teller inside the bank itself. Lee planned to grab the arriving teller in the inner vestibule and force the manager to unlock the door to facilitate the robbery.

On October 1, 2005, Lee drove to People's Bank and waited for a teller to arrive. Around 7:30 a.m. Melissa Timm, a teller, arrived at the bank and entered the vestibule area. As Denise Jacobs, a bank manager, came to open the door, Lee entered the vestibule, grabbed Timm, and said "open the door or I'll kill her." Jacobs refused and said that the police were being called. Lee ran out of the vestibule and fled the scene.

Lee was arrested after a coconspirator confessed to involvement in the scheme. Lee was charged as noted above and, prior to trial, attempted to plead guilty without the benefit of a plea agreement. The plea colloquy broke down because of concern about the level of force or threat of force Lee was prepared to admit using—including, although not limited to, a disagreement over whether Lee or a coconspirator had brought a fake gun to the robbery or the attempted robbery. The case proceeded to trial.

At trial Timm and Jacobs testified about the robbery attempt on October 1, 2005. On cross-examination Lee established that neither witness saw her with a dangerous weapon during that attempt. At the close of the government's case, Lee moved for judgment of acquittal on count 2, arguing the government had produced no evidence that she used a dangerous weapon in violation of § 2113(d). After a brief recess, the prosecutor admitted that the superceding indictment had included the § 2113(d) allegation in count 2 by mistake and that count 2 should have reflected a simple attempted bank robbery charge, without reference to the dangerous weapon subsection of the statute. This explanation was consistent with the government's pretrial statement of the case and its proposed jury instructions, neither of which had included any reference to the dangerous weapon allegation in count 2. The prosecutor asked the district court to submit count 2 to the

jury as an attempted bank robbery in violation of § 2113(a), without the § 2113(d) dangerous-weapon allegation.

The district court accepted this explanation and submitted count 2 to the jury as a charge of attempted bank robbery in violation of § 2113(a). Lee protested that she had premised her defense against count 2 on the lack of proof that she used a dangerous weapon. The district court, however, held that because the charge of attempted bank robbery under § 2113(a) was necessarily included within the charge of attempted bank robbery by use of a dangerous weapon, submission of the lesser offense was appropriate. The jury convicted Lee of conspiracy and attempted bank robbery in counts 1 and 2 and acquitted her of the bank robbery alleged in count 3.

## II. Analysis

Lee argues that the district court erred in denying her motion for judgment of acquittal. She asserts that submitting count 2 to the jury as attempted bank robbery when the superceding indictment charged attempted bank robbery by use of a dangerous weapon impermissibly broadened the charge contained in the superceding indictment.

We review the district court's denial of a motion for judgment of acquittal de novo. *United States v. Quilling*, 261 F.3d 707, 712 (7th Cir. 2001). Under Rule 31(c)(1) of the *Federal Rules of Criminal Procedure*, a "defendant may be found guilty of . . . an offense necessarily included in the offense charged." The district court correctly held that simple attempted bank robbery in violation of § 2113(a) is an offense "necessarily included" in the charged offense of attempted bank robbery by use of a dangerous weapon in violation of § 2113(a) and (d).

This case resembles *United States v. Teslim*, 869 F.2d 316, 325-26 (7th Cir. 1989). In *Teslim*, the defendant was charged with several counts of conspiracy and possession with intent to distribute over 500 grams of cocaine. At the conclusion of the government's case, the district court dropped the quantity description for lack of proof and submitted the conspiracy charge to the jury as simple conspiracy to possess cocaine with intent to distribute. This court affirmed, holding that the offense submitted to the jury was a lesser and necessarily included offense of the charged crime: "The two crimes are exactly identical except for the amount requirement. The elements of the lesser offense are a word-for-word subset of the greater offense and there is an inherent relationship between the two offenses." *Teslim*, 869 F.2d at 326.

Similarly here, § 2113(d) provides that "[w]hoever, in committing . . . any offense defined in subsections (a) and (b) of this section, assaults any person . . . by the use of a dangerous weapon . . . shall be fined under this title or imprisoned not more than twenty-five years, or both." A violation of subsection (d) is a violation of subsection (a) or (b) by the use of a dangerous weapon. The charge submitted to the jury—attempted bank robbery in violation of § 2113(a)—was a "word-for-word subset" of the charged offense. *Id.* The district court properly denied Lee's motion for judgment of acquittal. Submission of count 2 to the jury as attempted

bank robbery was entirely appropriate under Rule 31(c)(1) as the submitted crime is a lesser and necessarily included offense of the charged crime of attempted bank robbery by use of a dangerous weapon.

The judgment of the district court is AFFIRMED.